Andres VARELA–SALMERON; Olga Lidia Lagunas–Bautista, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76178.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed June 6, 2007.

Andres Varela–Salmeron, Los Angles, CA, pro se.

Olga Lidia Lagunas–Bautista, Los Angles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Brianne Whelan, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Andres Varela–Salmeron and Olga Lidia Lagunas–Bautista, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' decision affirming without opinion an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We grant the petition for review and remand.

An intervening change in the law requires remand. Based on the record before us, we cannot determine whether Laguna–Bautista's two previous returns to Mexico were border turnarounds or uninformed voluntary departures, or knowing acceptances of administrative voluntary departure. *See Ibarra–Flores v. Gonzales*, 439 F.3d 614, 619 (9th Cir.2006) (concluding that "before it may be found that a presence-breaking voluntary departure occurred, the record must contain some evidence that the alien *was informed of and accepted its terms*") (internal quotations and citation omitted) (emphasis in original); *Tapia v. Gonzales*, 430 F.3d 997, 1002–04 (9th Cir.2005).

In light of our decision to remand the case as to Lagunas–Bautista, we also re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mand the case as to Varela–Salmeron. In the initial hearing, the IJ assessed hardship to Petitioners' U.S. citizen son based on the assumption that he would return to Mexico with both parents. If on remand the IJ were to grant Lagunas–Bautista cancellation of removal, and she were to remain in the United States, that would alter the hardship determination as to Varela–Salmeron's application. We therefore remand for further proceedings regarding both Petitioners' applications.

**PETITION FOR REVIEW GRANTED; REMANDED.**